MONROE, Judge,
concurring in the result only.
I agree with the dissent that the correct standard of review in this case is whether the trial court abused its discretion. I also agree with the dissent that it would appear from *951 the majority’s opinion that that standard of review was not used. However, based on the facts outlined in the majority’s opinion, I believe the trial court abused its discretion, and the result reached by the majority is the correct one. The evidence before the trial court was that Dr. Oden talked to his attorney repeatedly about the status of his case. At Dr. Oden’s insistence, the attorney gave him copies of the school board’s response to a new brief the attorney said he had filed. The certificate of service had been deleted from Dr. Oden’s copies, however, and in fact, the response was to Dr. Oden’s motion for summary judgment filed some eight months earlier.
Dr. Oden took an active role in trying to follow the progress of his case, but his attorney actively misled him about the status of his case. The workings of the legal system are often mystifying to a layman, even to a layman holding a doctorate degree in education. Dr. Oden should not be expected to go behind his attorney to determine what is really going on in his case. Therefore, I believe the trial court’s denial of Dr. Oden’s Rule 60(b)(6) motion was an abuse of discretion, and would reverse on that ground. I concur in the result only.